AL:DG
F.#2015R02040

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | **Application for Non-Content Account Information per § 2703(d)**<br><br>NO. <u>17 MC 1156</u> |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require WhatsApp, Inc. ("WhatsApp"), an electronic communications provider located in Mountain View, California, to disclose certain records and other information pertaining to certain WhatsApp user accounts, as described in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. WhatsApp is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require WhatsApp to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating Zane Skyers for conspiracy to import cocaine into the United States, in violation of Title 21, United States Code, Section 963, and conspiracy to possess with the intent to distribute cocaine, in violation of Title 21, United States Code, Section 846. On March 22, 2017, a grand jury in the Eastern District of New York returned an indictment charging Skyers with conspiracy to import cocaine, in violation of Title 21, United States Code, Section 963, and conspiracy to possess with intent to distribute cocaine, in violation of Title 18 United States Code, Section 846. *See* United States v. Skyers, 16-CR-377 (S-1) (MKB).

5. On or about November 7, 2015, a co-conspirator ("CC-1") of Skyers arrived at John F. Kennedy International Airport ("JFK") in Queens, New York aboard JetBlue Flight No. 882 from Saint Lucia. After CC-1's arrival, United States Customs and Border Protection ("CBP") officers selected CC-1 for an enforcement examination. CC-1 presented a black suitcase for inspection. CBP Officers probed the suitcase and discovered a white powdery

2

substance that field-tested positive for cocaine. A subsequent laboratory report determined that CC-1's suitcase contained approximately 1,463.2 grams of cocaine.

6. CC-1 was placed under arrest and, after being advised of and waiving his <u>Miranda</u> rights, admitted that he knew the suitcase contained narcotics. CC-1 was charged and has pleaded guilty to the important of cocaine, in violation of Title 21, United States Code, Section 952(a).

7. During a search of CC-1's cellular telephone, which was seized after CC-1's arrest, law enforcement officers identified text and WhatsApp messages between CC-1 and Skyers indicating Skyers's involvement in a conspiracy to import narcotics into the United States. These messages indicate that, on or about and between October 30, 2015 and November 7, 2015, CC-1 and Skyers discussed the coordination and arrangement of CC-1's flight and CC-1's coordination, prior to travel, with other co-conspirators located in Saint Lucia. For example, on or about and between October 30, 2015 and November 2, 2015, Skyers sent the following text messages to CC-1: "JFK"; "Text mi ur info"; and "I tell my cousin to have him call you so just wait till you speak to him."

8. On or about November 6-7, 2015, Skyers and CC-1 exchanged a series of WhatsApp messages indicating that Skyers intended to meet CC-1 at JFK after CC-1's arrival. These messages included a message from Skyers asking CC-1: "U have anyone to pick u up"; a description of what CC-1 was wearing on the day of his flight; and a WhatsApp voice message from Skyers indicating that he was on his way to pick up CC-1 at JFK. All of the WhatsApp messages from Skyers to CC-1 were sent from the WhatsApp account associated with the phone number (872) 232-0022.

9.      On or about November 7, 2015, Skyers sent CC-1 a WhatsApp message containing a photograph of a receipt of a MoneyGram wire transfer with Skyers's name and address on it.  Records obtained from MoneyGram reflect that on November 1, 2015, Skyers sent CC-1 a payment of $1,750.

## REQUEST FOR ORDER

10.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items may provide evidence of Skyers's communications with co-conspirators involved in the offenses describe above.  Accordingly, the United States requests that WhatsApp be directed to produce all items described in Part II of Attachment A to the proposed Order.


Dated:  Brooklyn, New York
        April 19, 2017

                                                  /s/ David Gopstein
                                                David Gopstein
                                                Assistant United States Attorney
                                                718-254-6153

4

AL:DG
F.#2015R02040

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MISC. NO. <u>17 MC 1156</u> |

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring WhatsApp, Inc. ("WhatsApp"), an electronic communications service provider and/or a remote computing service located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that WhatsApp shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

_____
Honorable Peggy Kuo
United States Magistrate Judge

   April 20, 2017
Date

## ATTACHMENT A

I.      **The Account(s)**

The Order applies to certain records and information associated with the WhatsApp account associated with the telephone number (872) 232-0022.

II.     **Records and Other Information to Be Disclosed**

WhatsApp is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period October 20, 2015 through November 15, 2015:

    A.    The following information about the customers or subscribers of the Account:

        a.  Names (including subscriber names, user names, screen names, and unique user identification numbers);

        b.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        c.  Account creation date;

        d.  Local and long distance telephone connection records;

        e.  Records of all messages or other communications sent or received by each Account, including the date and time of the communication and the number or account to which that communication was sent or from which it was received;

        f.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        g.  Length of service (including start date) and types of service utilized;

        h.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile

           Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

      i. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      j. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account, including:

    1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

    2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).